UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

K. K.,

                Plaintiff,

v.                                                                                          5:17-CV-0382
                                                                            (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                                            OF COUNSEL:

SEGAR, SCIORTIN LAW FIRM                                     ALECIA ELSTON, ESQ.
  Counsel for Plaintiff
400 Meridian Centre, Ste. 320
Rochester, NY 14618

U.S. SOCIAL SECURITY ADMIN.                                  DAVID B. MYERS, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      This matter was referred to me, for all proceedings and entry of a final judgment, pursuant to the Social Security Pilot Program, N.D.N.Y. General Order No. 18, and in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1 and the consent of the parties. (Dkt. Nos. 4, 15.).

      Currently before the Court, in this Social Security action filed by K. K. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for

judgment on the pleadings. (Dkt. Nos. 9, 12.) For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

## I.　RELEVANT BACKGROUND

### A.　Factual Background

Plaintiff was born in 1966. (T. 87.) She completed two years of college. (T. 238.) Generally, Plaintiff's alleged disability consists of low back pain, damaged nerves, fractured right hip, left shoulder pain, post-traumatic stress disorder ("PTSD"), attention deficit hyperactivity disorder ("ADHD"), anxiety, memory loss, and asthma. (T. 88.) Her alleged disability onset date is February 16, 2012. (T. 87.) Her date last insured is September 30, 2015. (*Id.*) She previously worked as a coder, in food service, and in retail. (T. 239.)

### B.　Procedural History

On June 26, 2013, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 87.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On March 24, 2015 and September 8, 2015, Plaintiff appeared before the ALJ, John P. Ramos. (T. 25-62, 63-86.) On September 18, 2015, ALJ Ramos issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 7-24.) On February 15, 2017, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-4.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C.　The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 12-19.) First, the ALJ found Plaintiff met the insured status requirements through September 30, 2015 and Plaintiff had not engaged in substantial gainful activity since February 16, 2012. (T. 12.) Second, the ALJ found Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, status post neck surgery, asthma, depressive disorder, and obsessive-compulsive disorder. (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 13.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 C.F.R. [§] 404.1567(a)[1] and she is able to sit, stand or walk for up to one hour at a time. She can only occasionally reach overhead with either upper extremity but otherwise has no reaching limitation. She should avoid exposure to concentrated respiratory irritants or extremes of temperature and humidity. She should be able to change positions at will, but she does not need to leave the work area to do so. [Plaintiff] retains the ability to understand and follow simple instructions and directions; perform simple tasks with supervision and independently; maintain attention/concentration for simple tasks; regularly attend to a routine and maintain a schedule; relate to and interact with others to the extent necessary to carry out simple tasks, but she should avoid work requiring more complex interaction or joint efforts with other coworkers to achieve work goals. [Plaintiff] can handle reasonable levels of simple, work-related stress, in that she can make decisions directly related to the performance of simple work and handle usual workplace changes and interactions associated with simple work.

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

(T. 15.)  Fifth, the ALJ determined Plaintiff was incapable of performing her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 18-19.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes three arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ erred in affording more weight to a medical expert's opinion over treating source opinions.  (Dkt. No. 9 at 8-12 [Pl.'s Mem. of Law].)  Second, Plaintiff argues the ALJ failed to properly evaluate and assess Plaintiff's credibility.  (*Id.* at 12-17.)  Third, and lastly, Plaintiff argues the ALJ erred in failing to credit an answer by the vocational expert that resulted in no work Plaintiff could perform.  (*Id.* at 17-18.)

### B.   Defendant's Arguments

In response, Defendant makes three arguments.  First, Defendant argues substantial evidence supports the ALJ's RFC finding.  (Dkt. No. 12 at 9-20 [Def.'s Mem. of Law].)  Second, Defendant argues the ALJ properly considered Plaintiff's credibility in assessing her RFC.  (*Id.* at 20-23.)  Third, and lastly, Defendant argues the ALJ properly denied Plaintiff's claim at step five.  (*Id.* at 24-25.)

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the

Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable

deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV. ANALYSIS

#### A. ALJ's Weighing of the Medical Opinion Evidence and RFC Determination

Plaintiff argues the ALJ committed legal error because he ignored Plaintiff's treating physician's opinion and instead afforded significant weight to the opinion of non-examining medical expert. (Dkt. No. 9 at 11 [Pl.'s Mem. of Law].)

6

The Second Circuit has long recognized the 'treating physician rule' set out in 20 C.F.R. § 404.1527(c)[2]. " '[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.' " *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

Here, the ALJ afforded "great weight" to the opinion of non-examining medical expert Louis Fuchs, M.D., "some weight" to examining medical consultant Kalyani Ganesh, M.D., and "little weight" to the opinions of treating sources, Aaron Biano, M.D. and Suzanne Volcko, N.P.  (T. 16-17.)  Plaintiff contends the ALJ erred as a matter of law in affording more weight to the opinion of a non-examining medical source than the opinion of a treating source. (Dkt. No. 9 at 8-12 [Pl.'s Mem. of Law].)  In support of her argument, Plaintiff relies on the holding in *Havas v. Bowen*, 804 F. 2d 783, 786 (2d Cir. 1986), in which the Court stated "the opinions of nonexamining medical personnel cannot in themselves constitute substantial evidence overriding the opinions of examining physicians."  (*Id.* at 11.)

As a matter of law, the ALJ did not err in affording more weight to a non-examining medical expert's opinion than a treating source's opinion.  Since *Havas*, the Second Circuit has held that the opinion of a treating physician is not binding if it is

---

[2]   Effective March 27, 2017, many of the Regulations cited herein have been amended, as have SSRs. Nonetheless, because Plaintiff's social security application was filed before the new Regulations and SSRs went into effect, the Court reviews the ALJ's decision under the earlier Regulations and SSRs.

contradicted by substantial evidence, and a consulting physician report may constitute such evidence. Even "nonexamining sources" may "override treating sources' opinions, provided they are supported by evidence in the record." *Netter v. Astrue*, 272 F. App'x 54, 55-56 (2d Cir. 2008) (citing *Schisler v. Sullivan,* 3 F.3d 563, 568 (2d Cir.1993)); *see Snyder v. Colvin*, 667 F. App'x. 319, 320 (2d Cir. 2016) ("The opinion of a treating physician is not binding if it is contradicted by substantial evidence, and a consulting physician report may constitute such evidence."); *see Camille v. Colvin*, 652 F. App'x. 25 (2d Cir. 2016) (ALJ was permitted to conclude that consultative examiner's opinion was more reliable than treating source's opinion); *see Heagney-O'Hara v. Comm'r of Soc. Sec.,* 646 F. App'x. 123, 126 (2d Cir. 2016); *see Fox v. Colvin*, 589 F. App'x. 35, 36 (2d Cir. 2015) ("[the treating source] assessment is contradicted by other substantial record evidence, including the testimony of the plaintiff and the opinions of other medical experts"); *see also Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir. 2004); *see also Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir. 2002).

Further, it is well settled under the Regulations that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability. *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(e). Therefore, the ALJ did not commit legal error in affording more weight to the opinion of a non-treating source than a treating source.

Here, the ALJ's physical RFC determination was supported by Dr. Fuchs's medical opinion and other substantial evidence in the record as outlined herein.

On June 17, 2015, after reviewing the medical evidence in the record, Dr. Fuchs completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) form. (T. 832-840.) After the receipt of additional medical evidence, Dr. Fuchs completed another form on July 2, 2015. (T. 843-852.)

Dr. Fuchs opined Plaintiff was capable of lifting and carrying up to ten pounds continuously, 11 to 20 pounds occasionally, and never more than 20 pounds. (T. 832, 843.) He opined Plaintiff could sit for one hour at a time, stand for one hour at a time, and walk for one hour at a time. (T. 833, 844.) He opined Plaintiff could, in an eight hour workday, sit for eight hours, stand for three hours, and walk for three hours. (T. 833, 844.) Dr. Fuchs provided citation to the medical record to support his opined limitations. (T. 844.)

Dr. Fuchs indicated Plaintiff could occasionally reach overhead and continuously reach in all other directions, handle, finger, feel, push and pull. (T. 845.)[3] He opined Plaintiff could continuously use her feet. (T. 834, 845.) Dr. Fuchs opined Plaintiff could occasionally: climb stairs and ramps; balance; stoop; kneel; crouch; and crawl. (T. 835, 847.) Dr. Fuchs opined Plaintiff could occasionally tolerate: unprotected heights; humidity and wetness; extreme cold; and extreme heat. (T. 836, 846.) He opined Plaintiff could frequently tolerate operating a motor vehicle and continuously tolerate moving mechanical parts. (*Id.*)

Plaintiff contends Dr. Fuchs's testimony acknowledging that Plaintiff was on potent pain medication, and his failure to take into account Plaintiff's subjective

---

[3] In his earlier opinion, Dr. Fuchs indicated Plaintiff could frequently reach overhead bilaterally and continuously reach in all other directions, handle, finger, feel, and push/pull. (T. 834.)

complaints of pain, undermines his medical opinion. (Dkt. No. 9 at 10 [Pl.'s Mem. of Law].) Dr. Fuchs reviewed the record, which included Plaintiff's medications and complaints of pain, and provided the medical opinion outlined above. Dr. Fuchs testified at the hearing that he based his limitations on the objective medical evidence in the file. (T. 32-34.)[4] Overall, Dr. Fuchs provided a medical opinion, based on his review of medical evidence in the record. The ALJ determined Dr. Fuch's opinion was supported by substantial evidence in the record and ultimately adopted his opinion in formulating his RFC determination. In addition, for reasons further discussed herein, the ALJ properly evaluated Plaintiff's testimony regarding the limiting effects of her symptoms, such as pain, in formulating his RFC determination.

Consultative examiner, Dr. Ganesh examined Plaintiff and opined Plaintiff had "no limitation sitting and the use of the upper extremities." (T. 458.) Dr. Ganesh further stated Plaintiff "states she cannot stand or walk without the cane"; however, he was unable to comment on the need for the cane. (*Id.*)

No treating source completed a medical source statement; however, providers made statements within treatment notations regarding Plaintiff's work status. On May 2, 2013, Plaintiff's treating nurse practitioner, Ms. Volcko, stated Plaintiff "cannot perform

---

[4] Dr. Fuchs was questioned by Plaintiff's counsel:
Q: Now with respect to pain, obviously, that's very subjective, and you have never met [Plaintiff] before. [ . . . ] Did you consider that increasing pain in her levels of pain when you indicated that she could sit for eight hours in an eight-hour day?
A: Yes, because as you stated, pain is subjective. I'm going on the objective physical examinations.
Q: Okay. So you did not, in your filling out of the medical source statements, and the fact that you said that she could sit for eight hours in an eight-hour day, that didn't take into account, or put to the side, if you will, would be her own complaints of pain and how bad it is or isn't.
A: That's correct. I base it more on the objective physical examinations.
(T. 33-34.)

prolonged positions (sitting, standing, walking etc.) [,] no heavy lifting [,] cannot maintain gainful employment due to mental and physical health issues at this time." (T. 362.) In April 2015, Dr. Bianco noted Plaintiff was "on total disability" until the next visit. (T. 819.) Dr. Bianco noted in August 2015, "[u]nfortuantely [Plaintiff] has not noted a huge symptomatically since [her] surgery. Unfortunately given the extent of the symptoms prior to surgery she may not note significant improvement." (T. 877.)

    Plaintiff asserts the ALJ "ignored" the statements by Dr. Biano and Ms. Volcko; however, the ALJ considered these statements and afforded them some weight. (T. 17.) Although the ALJ afforded Dr. Fuchs's opinion great weight, his RFC determination was ultimately more restrictive. Indeed, the ALJ's RFC for less than sedentary work is consistent with Ms. Volcko's statement, that Plaintiff should avoid prolonged sitting, standing, and walking and avoid heavy lifting. In addition, Dr. Biano's statement that Plaintiff was on total disability and Ms. Volcko's statement that Plaintiff was disabled, are findings reserved to the Commissioner and not entitled to any weight. 20 C.F.R. § 404.1527(d); *see Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("A treating physician's statement that the claimant is disabled cannot itself be determinative."). Although Plaintiff asserts the ALJ erred in his treatment of these statements, Plaintiff fails to show how affording greater weight to the statements would result in a more restrictive RFC.

    Overall, the ALJ applied the correct legal standard in formulating his RFC determination. The ALJ did not commit legal error in affording more weight to a non-examining medical expert over treating source opinions. The ALJ noted Dr. Fuchs's opinion was consistent with clinical findings, he reviewed the record, and he had

program and professional expertise. (T. 16.) The ALJ also took statements made by Plaintiff's treating providers into consideration; however, the ALJ was not required to weigh statements regarding Plaintiff's ultimate disability. Overall, the statements made by Plaintiff's treating providers regarding work restrictions were not inconsistent with the ALJ's RFC for less than sedentary work. Therefore, the ALJ's RFC determination is upheld.

### B. ALJ's Credibility Determination

In determining plaintiff's RFC, the ALJ must also make a determination as to the credibility of the plaintiff's allegations. " 'An administrative law judge may properly reject claims of severe, disabling pain after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.' " *Schlichting v. Astrue*, 11 F. Supp. 3d 190, 205 (N.D.N.Y. 2012) (quoting *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999)).

The Second Circuit recognizes that " '[i]t is the function of the [Commissioner], not [reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant,' " and that "[i]f there is substantial evidence in the record to support the Commissioner's findings, 'the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain.' " *Schlichting*, 11 F. Supp. 3d at 206 (quoting *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983); *Aponte v. Sec'y, Dep't of Health and Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984)). Due to the fact that the ALJ has the benefit of directly observing a claimant's demeanor and "other indicia of credibility," the ALJ's credibility assessment is

generally entitled to deference.  *Weather v. Astrue*, 32 F. Supp. 3d 363, 381 (N.D.N.Y. 2012) (citing *Tejada v. Apfel*, 167 F.3d 770, 776 (2d Cir. 1999)).

The ALJ must employ a two-step analysis to evaluate the claimant's reported symptoms.  *See* 20 C.F.R. § 404.1529.  First, the ALJ must determine whether, based on the objective medical evidence, a plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged."  *Id.* § 404.1529(a).  Second, if the medical evidence establishes the existence of such impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit the claimant's ability to do work. *See id.*  At this second step, the ALJ must consider: (1) the plaintiff's daily activities; (2) the location, duration, frequency, and intensity of the plaintiff's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the plaintiff takes or has taken to relieve her pain or other symptoms; (5) other treatment the plaintiff receives or has received to relieve her pain or other symptoms; (6) any measures that the plaintiff takes or has taken to relieve her pain or other symptoms; and (7) any other factors concerning plaintiff's functional limitations and restrictions due to his pain or other symptoms.  *Id.* § 404.1529(c)(3)(i)-(vii).

Where an ALJ's reasoning and adherence to the Regulations is clear, he is not required to explicitly go through each and every factor of the Regulation.  *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (plaintiff challenged ALJ's failure to review explicitly each factor provided for in 20 C.F.R. § 404.1527(c), the Court held that "no

such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear").

Here, the ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, her statements concerning the intensity, persistence and limiting effects of those symptoms was not entirely credible. (T. 16.) Plaintiff asserts she was entitled to be believed because the record contained no substantial evidence to support a finding she lacked credibility. (Dkt. No. 9 at 16 [Pl.'s Mem. of Law].) She further contends that due to her good work history the ALJ was required to afford substantial credibility to her claim that she is unable to work. (*Id.* at 16-17.)

The ALJ did not commit legal error and his credibility determination was supported by substantial evidence in the record. Plaintiff asserts her subjective complaints were consistent with the medical and other evidence in the record; however, under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position).

In making his credibility determination, the ALJ noted Plaintiff's daily activities, treatment Plaintiff received including surgery, and outlined Plaintiff's testimony

14

regarding precipitating and aggravating factors. (T. 12-16.) The ALJ further outlined objective medical evidence in the record which he determined was inconsistent with Plaintiff's statements. (T. 16-17.)

Although the ALJ did not specifically address Plaintiff's work history in his credibility analysis, the ALJ was aware of Plaintiff's good work history. Plaintiff provided testimony regarding her past work at both hearings and her work history was outlined in the record. (T. 44-53, 68-73, 228-232, 239.) Further, although the ALJ did not specifically refer to Plaintiff's work history, such admission did not undermine his credibility assessment because substantial evidence supported the ALJ's determination. *Wavercak v. Astrue,* 420 F. App'x. 91, 94 (2d Cir. 2011) ("That Wavercak's good work history was not specifically referenced in the ALJ's decision does not undermine the credibility assessment, given the substantial evidence supporting the ALJ's determination."). Therefore, the ALJ's credibility determination was not the product of legal error and was supported by substantial evidence in the record.

### C. ALJ's Step Five Determination

Although the plaintiff has the general burden to prove she has a disability under the definitions of the Social Security Act, the burden shifts to the Commissioner at step five " 'to show there is other work that [the claimant] can perform.' " *McIntyre,* 758 F.3d at 150 (quoting *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 445 (2d Cir. 2012)). At step five in the sequential evaluation, the ALJ is required to perform a two part process to first assess Plaintiff's job qualifications by considering her physical ability, age, education, and work experience, and then determine whether jobs exist in the national economy that Plaintiff could perform. *See* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §

404.1520(f); *Heckler v. Campbell*, 461 U.S. 458, 460, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983).  The second part of this process is generally satisfied by referring to the applicable rule of the Medical-Vocational Guidelines set forth at 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly called "the Grids" or the "Grid").  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986).

"An ALJ may rely on a vocational expert's testimony regarding a hypothetical as long as 'there is substantial record evidence to support the assumption[s] upon which the vocational expert based his opinion' [ ] and [the hypothetical] accurately reflect[s] the limitations and capabilities of the claimant involved." *McIntyre*, 758 F.3d at 151 (quoting *Dumas v. Schweiker*, 712 F.2d 1545, 1553-54 (2d Cir. 1983); citing *Aubeuf v. Schweiker*, 649 F.2d 107, 114 (2d Cir. 1981)).

Plaintiff argues the ALJ erred in failing to adopt the vocational expert ("VE") response to a hypothetical that included the need for a walker to ambulate.  (Dkt. No. 9 at 17 [Pl.'s Mem. of Law].)  Plaintiff is correct in her assertion that had the ALJ adopted the hypothetical posed at the hearing which included the need to use a walker to ambulate, there would be no jobs in the national economy Plaintiff could perform and she would thus be found disabled.  (T. 57-58.)  However, the ALJ did not adopt that hypothetical.

Here, the ALJ posed a hypothetical to the VE that was based on his RFC determination for less than sedentary work.  (T. 55-56.)  The VE testified that a person with Plaintiff's vocational factors and the hypothetical RFC could perform the occupations of addresser (DOT 209.587-010), final assembler (DOT 713.687-018), and sorter (DOT 521.687-086).  (T. 57.)  As stated herein, the ALJ's RFC determination was

supported by substantial evidence in the record.  Because the ALJ did not err in his RFC assessment, the ALJ did not err in posing a hypothetical question to the VE that was based on that assessment. *See Dumas v. Schweiker,* 712 F.2d 1545, 1553–54 (2d Cir.1983) (approving a hypothetical question to a vocational expert that was based on substantial evidence in the record).  Therefore, the ALJ's step five determination is upheld.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is

**GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: June 21, 2018

William B. Mitchell Carter
U.S. Magistrate Judge